# Tab A

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT DEPARTMENT

BRISTOL COUNTY, ss                SUPERIOR COURT DEPARTMENT
                                  CIVIL ACTION NO.:

MIKE SAYIAN,                      )
    Plaintiff,                    )
                                  )
v.                                )
VERIZON NEW ENGLAND, INC.,        )
                                  )
    Defendant.                    )
                                  )

## FIRST COMPLAINT AND JURY DEMAND

Plaintiff Michael Sayian by and through counsel, alleges as follows:

### PARTIES

1. The Plaintiff hereinafter ("Plaintiff" or "Mr. Sayian") is an adult residing at 41 Ellen Road, Taunton, Massachusetts.

2. The Defendant Verizon New England, Inc. (hereinafter "Defendant" or "Verizon"), is a foreign entity registered in Massachusetts with a principal place of business located at 6 Bowdoin Square, 9th Floor, Boston, Massachusetts 02114.

3. The Plaintiff was employed by Verizon from April 13, 1998 until December 17, 2018.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to G.L. c. 212 §3.

5. This Court has personal jurisdiction over the Defendant because it does business in the Commonwealth and is located in the Commonwealth.

6. Venue is proper in this Court pursuant to G.L. c. 223 §1, because the Plaintiff's residence is located within this judicial district.

### FACTUAL ALLEGATIONS

1

7. The Plaintiff worked for the Defendant for almost twenty years.

8. Prior to working at Verizon, the Plaintiff served in the military as a Mobile and Fixed Satellite and Wideband Communication Senior Airman and was honorably discharged on March 14, 1997.

9. He was employed by the Defendant as a Central Office Technician beginning April 13, 1998 and was effectively terminated on December 17, 2018.

10. As a Central Office Technician, the Plaintiff monitored and surveyed the Defendant's accounts for Rhode Island, New Jersey, and Massachusetts.

11. For 15 years, the Plaintiff worked at Verizon during the day shift, from 7:00 am to 4:00 pm.

12. The Plaintiff has long been diagnosed and regularly receives treatment for Dystemic Disorder, Social Anxiety Disorder, Anhedonia, PTSD, and Major Depression.

13. The Plaintiff had been able to manage his disability and successfully pursue a career with Verizon.

14. On or about June 2015, due to staffing needs, the Plaintiff was transferred to the evening shift, from 4:00 pm to 12:00 am.

15. Once placed on the evening shift, the Plaintiff's symptoms of his illness were exacerbated, resulting in alopecia, sleeplessness, losing weight, gaining weight, increased anxiety, and worsening anxiety and depression.

16. Because of his declining health, the Plaintiff's doctor recommended that he switch back to the day shift.

17. The Plaintiff requested reasonable accommodation for his disability and was moved from the evening shift to the day shift.

18. After returning to the day shift, the Plaintiff was once again able to manage his symptoms and successfully complete his job's requirements.

19. Sometime later, the Plaintiff began to work under a new supervisor, Robin Leone.

20. In October 2016, Ms. Leone informed the Plaintiff that due to staffing issues, he needed to go back to the evening shift on a temporary basis for six months.

21. The Plaintiff knew the change to evening shift would once again affect his health but agreed to the transfer as it was only temporary, approximately six months in total.

22. Though his symptoms were worsening, the Plaintiff stayed on the evening shift for one year and six months, believing he would eventually be transferred back to the day shift.

23. Around January of 2018, once the staffing issues were resolved, the Plaintiff asked Ms. Leone if he could be transferred back to the day shift.

24. The Plaintiff was then informed that his transfer to the evening shift was, in fact, not temporary but permanent.

25. Concerned for his health, the Plaintiff once again requested reasonable accommodation shortly after learning the evening shift would be permanent.

26. Despite providing numerous medical records and the Plaintiff doctor speaking with the Defendant's Head Medical Advisor, the Plaintiff was told that a transfer back to the day shift was not possible as he did not have the requisite seniority and would violate other employee's rights under the collective bargaining agreement.

27. On information and belief, the Defendant transfers employees with less seniority to the day shift when requested to accommodate needs other than mental health issues, including employees with driving restrictions due to DUI convictions and physical health problems.

28. On information and belief, the Defendant has ample ability to employ individuals on the day shift.

29. In April of 2018, the Plaintiff continued to request an accommodation with the Defendant's Workplace Accommodation Office and was denied.

30. Upon information and belief, as reasons why the Defendant wouldn't accommodate him, the Plaintiff's doctor was told by the Defendant that his disability was not serious and "that [Plaintiff's] only reason for wanting to be on the day shift was to pursue being a professional musician and play guitar."

31. As Verizon refused to recognize the Plaintiff's condition as a legitimate disability and offer reasonable accommodation, the Plaintiff was forced to go on short term disability leave on April 30, 2018 to protect his health and well-being as he could not continue to work under these conditions, effectively constructively discharged.

32. On or about August 22, 2018, the Plaintiff received a letter from the Defendant, informing him that upon his return from leave, he would be "accommodated" by being permanently transferred from his position as a Central Office Technician to a Service Representative effective September 10, 2018. **See Exhibit 1.**

33. The Plaintiff's transfer to be a Service Representative, an unskilled and entry-level position, was a demotion as it came with a reduction of hours, lower pay, and the inability to accrue overtime. Additionally, this position requires heighted interaction with customers which would present challenges due to his disabilities and potentially exacerbate his condition.

34. Upon information and belief, the Defendant failed to conduct a reasonable investigation and maintain a dialogue with the Plaintiff for an alternative and reasonable solution to

accommodate the Plaintiff consistent with his medical needs, rather than unilaterally demoting him to an entry-level position.

35. Plaintiff was informed by multiple medical providers that the only accommodation that would work for him is to be transferred to the dayshift, and Plaintiff informed the same to the Defendant.

36. On September 21, 2018 the Plaintiff received a letter stating that his short-term disability expired.

37. Again, on or about September 25, 2018, the Plaintiff received a second letter from the Defendant, stating that he was currently on unauthorized absence and reiterating that he was being permanently transferred as of October 1, 2018 to the position of Service Representative.

38. On October 11, 2018 the Plaintiff filed an MCAD action based on disability discrimination and violation of 29 U.S.C. §2612.

39. Upon information and belief, on November 7, 2018 the Plaintiff received a notification letter that he was denied his accommodation request and to report to the Service Representative position or he would face termination.

40. On or about November 13, 2018 the Plaintiff received a second letter stating he had to report to work and that the Plaintiff's request for leave of absence was denied.

41. Through out this time frame, the Plaintiff repeatedly made efforts to communicate with Verizon, and Verizon failed to reply and maintain a dialogue before and after the demotion.

42. The Plaintiff's employment was terminated on December 17, 2018.

**COUNT I**
*Violation of M.G.L. c. 151B – Disability Discrimination*

43. The Plaintiff reasserts and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

44. After developing multiple psychological disorders, the Plaintiff suffered from a disability or handicap, for an extended period of time, as defined by the American Disability Association and M.G.L. c. 151B.

45. The Plaintiff was nevertheless able to perform the essential functions of his job with reasonable accommodation, working during daytime hours.

46. The Plaintiff suffered adverse employment action as a result of his disability or handicap, including but not limited to (a) failure to accommodate; and (b) retaliatory demotion; and was ultimately terminated for failure to take the demotion.

47. Due to the Defendant's actions, the Plaintiff has suffered emotional, physical, and pecuniary harm and is entitled to all appropriate relief.

### COUNT II
*Violation of 29 U.S.C. § 2612*

48. The Plaintiff re-alleges and reasserts the allegations in the preceding paragraphs as if fully set forth herein.

49. 29 C.F.R. § 825.220 provides that an employer is prohibited from discriminating against employees who have used FMLA leave.

50. While on short term disability, the Plaintiff was demoted to an entry-level position, despite his 20 plus years' experience in his field.

51. By these actions, the Defendant violated 29 U.S.C. § 2612.

52. As a result of these violations, the Plaintiff suffered and continues to suffer pecuniary, emotional, and physical damages and is app.

## COUNT III
*Violation of Title I of the American with Disabilities Act*

53. The Plaintiff re-alleges and reasserts the allegations in all of the preceding paragraphs as if fully set forth herein.

54. Under Title I of the ADA, it is unlawful for an employer to take an adverse employment action against an employee the employer is aware is suffering from a disability, who is able to perform essential functions of his/her positions with reasonable accommodation, on the basis of his disability.

55. The Plaintiff requested multiple accommodations to perform his job effectively and was denied each time.

56. Due to Defendant's actions, the Plaintiff could not return to work for the Defendant's failure to accommodate and had to pursue short-term disability.

57. The Defendant then demoted the Plaintiff to a position to which he was unskilled with lower pay, reduced hours, and an inability to accrue overtime.

58. When the Plaintiff refused to take a demotion, the Defendant terminated the Plaintiff's employment.

59. The Defendant is directly and/or vicariously liable for the actions of its employees.

60. As a result of the Defendant's actions, the Plaintiff suffered pecuniary harm, severe emotional distress, anxiety, depression, trouble sleeping, and he prays this Court enter judgment awarding him damages, costs, and all other relief this Court may deem just and proper under the circumstances.

## COUNT IV

*Intentional Infliction of Emotional Distress*

61. Plaintiff re-alleges and reasserts all of the allegations contained in the preceding paragraphs as if fully set forth herein.

62. The Defendant intentionally took the following discriminatory actions against/toward the Plaintiff:

    a. Demoted the Plaintiff to a lower-paid and unskilled position, and

    b. Terminated the Plaintiff for failing to take the demotion.

63. The Defendant is vicariously liable for the acts of its employees.

64. The Defendant should have known that the Plaintiff was likely to experience emotional distress when it discriminated against him.

65. As a result of the Defendant's actions, the Plaintiff has suffered pecuniary loss, severe emotional distress, anxiety, depression, trouble sleeping, and exhaustion, and he prays that this Court enter judgment awarding him damages, costs, and all other relief this Court deems just and proper.

66. A reasonable person in the Plaintiff's circumstances would have suffered emotional distress due to the Defendant's actions.

## COUNT V
*Violation of G.L. c. 151B§4(4)*

67. The Plaintiff re-alleges and re-asserts all of the allegations contained in the preceding paragraphs as if fully set forth herein.

68. Under Massachusetts law, it is unlawful for any employer to take an adverse employment action on the basis the employee opposed any actions taken by the employer that was prohibited under M.G.L. c. 151B.

69. In retaliation for the Plaintiff: (a) filing and pursuing the MCAD action (b) objecting to the retaliatory actions/omissions of the Defendant in violation of G.L. c. 151B, the Defendant terminated the Plaintiff.

70. The Defendant is vicariously liable for the actions/omissions of its agents and employees.

71. Due to the Defendant's actions, the Plaintiff has suffered pecuniary, emotional, and physical harm.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff claims:

1. Reinstatement to the position of Central Office Technician (COT) on day-shift;
2. Damages in an amount to be determined at hearing, including but not limited to damages for lost pay, multiple damages, punitive damages, emotional distress, out-of-pocket expenses and/or other monetary losses;
3. Costs and attorneys' fees; and
4. Such other legal or equitable relief as the Court may award.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial.

Respectfully submitted,
MICHAEL SAYIAN,
By his attorneys:

Emily Smith-Lee (BBO#634223)
esmithlee@slnlaw.com
Aileen G. Konanez (BBO#696817)
akonanez@slnlaw.com
SLN LAW, LLC
46 South Main Street

Sharon, MA 02067<br>(781)784-2322

Dated: July 25, 2019

# EXHIBIT 1



verizon

Joseph J. Santos
Director
Labor Relations

4 Bowdoin Square, 7th Floor
Boston, MA 02114

Phone    857-415-5137
Fax        857-415-3938

August 27, 2018

Michael Sayian
41 Elliny Road
Taunton, MA 02780

Dear Mr. Sayian:

This letter is to notify you that the medical documentation and stated restriction(s) of Michael Sayian, Central Office Technician, 385 Myles Standish Blvd, Taunton, MA, have been reviewed by the Company.

In accordance with the provisions of the Disability Pay and Arbitration of Medical Determinations Memorandum of Commitment of the Labor Agreement, you will be permanently transferred to the Verizon Partners Solutions (VPS) center, located at 385 Myles Standish Blvd, Taunton, MA, to the position of Service Representative. This position is consistent with your stated medical restrictions.

Effective September 10, 2018, you will report to Supervisor Patricia Coyne within the above-described VPS center, and will work a tour during initial training of 8:30am – 4:30pm. After initial training, tours will be selected by seniority of the workgroup. Current VPS hours of operation are 8:00am – 6:00pm, Monday – Friday.

Upon transfer, you will be scheduled for a 37.5 hour work week, and your pay will adhere to the terms of Article G21's Reassignment Pay Protection Plan, effective the date of the transfer.

Sincerely,

Joseph Santos
Director, Labor Relations

CC: Eric Helrick - Business Manager, Erjo Jasic, Mgr-VPS, and Robin Leone, Mgr.-Network Engineering & Operations

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT DEPARTMENT

BRISTOL COUNTY, ss                SUPERIOR COURT DEPARTMENT
                                  CIVIL ACTION NO.:

MICHAEL SAYIAN,                )
        Plaintiff,             )
                               )
v.                             )
                               )
VERIZON NEW ENGLAND, INC       )
        Defendant.             )

## STATEMENT OF ESTIMATED MONEY DAMAGES

Pursuant to G.L. c. 212, § 3A, Plaintiff, Michael Sayian, through counsel, set forth the following estimates of money damages and factual basis thereof.

| Category | Amount | Factual Basis |
| --- | --- | --- |
| Lost Wages and Benefits | At least $187,200 in lost wages At least $15,841.28 in lost benefits | Wages and benefits at last rate of pay from date of termination through otherwise anticipated judgment due to violations of M.G.L. c. 151B. |
| Emotional Distress | To be determined at trial | Monies estimated due to discrimination and retaliation. |

For purposes of compliance with G.L. c. 212, § 3A, the foregoing does not include multiple damages, attorneys' fees, or any additional damages which Plaintiffs may prove at trial.

Respectfully submitted,
MICHAEL SAYAIN,
By his attorneys,

Emily E. Smith-Lee (BBO#634223)

esmithlee@slnlaw.com  
Aileen Konanez (BBO#696817)  
akonanez@slnlaw.com  
SLNLAW LLC  
46 South Main Street  
Sharon, MA 02067  
Tel: 781-784-2322  
Fax: 781-328-1772

Dated: July 25, 2019

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT DEPARTMENT

SUFFOLK COUNTY, ss                SUPERIOR COURT DEPARTMENT
                                  CIVIL ACTION NO.: 1973CV00687

MIKE SAYIAN,                       )
        Plaintiff,                 )
                                   )
v.                                 )
VERIZON NEW ENGLAND, INC.,         )
                                   )
        Defendant.                 )
                                   )

## WAIVER OF SERVICE OF SUMMONS

I, Robert Young, state as follows:

    I am an attorney in good standing admitted to practice in the Commonwealth of Massachusetts and I represent Defendant, Verizon New England, Inc. in the above-captioned matter. I hereby and on their behalf waive service. I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 20 days from the date of this signature. Failure of the Defendant to do so without an extension agreed upon, the Plaintiff reserves their right to request a default judgment.

Signed under penalties of perjury:

                                                    Robert Young, Esq. (#650541)
                                                  Bowditch & Dewey LLP
                                                  200 Crossing Blvd. Suite 300
                                                  Framingham, MA 01702
                                                  (508) 757-6537

Dated: _____

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT DEPARTMENT

SUFFOLK COUNTY, ss                      SUPERIOR COURT DEPARTMENT
                                        CIVIL ACTION NO.: 1973CV00687

MIKE SAYIAN,
    Plaintiff,

v.

VERIZON NEW ENGLAND, INC.,

    Defendant.

## WAIVER OF SERVICE OF SUMMONS

I, Robert Young, state as follows:

I am an attorney in good standing admitted to practice in the Commonwealth of Massachusetts and I represent Defendant, Verizon New England, Inc. in the above-captioned matter. I hereby and on their behalf waive service. I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 20 days from the date of this signature. Failure of the Defendant to do so without an extension agreed upon, the Plaintiff reserves their right to request a default judgment.

Signed under penalties of perjury

Robert Young, Esq. (#650541)
Bowditch & Dewey LLP
200 Crossing Blvd. Suite 300
Framingham, MA 01702
(508) 757-6537

Dated: August 26, 2019